UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENDRICK TYRON PERRY, SR. ,

    Plaintiff,

v.                                  Case No.:  2:24-cv-725-JES-KCD

LOCKHART, MORRIS &
MONTGOMERY, INC.,

    Defendant.
_____/

## REPORT & RECOMMENDATION

Plaintiff Kendrick Tyron Perry, Sr. sued Lockhart, Morris & Montgomery, Inc. under the Fair Debt Collection Practices Act. (Doc. 1.) A motion to proceed *in forma pauperis* accompanied the complaint. (Doc. 2.) The Court granted Perry's motion and ordered him to complete and return several forms that would allow the United States Marshal to serve Lockhart, Morris & Montgomery, Inc. (Doc. 4 at 3.) The Court mailed the order to the address Perry provided, but it was returned as "Insufficient Address, Unable to Forward." (Doc. 5.)

To prosecute an action in federal court, a *pro se* plaintiff must provide and maintain an address where he will receive notices and orders. *See* Fed. R. Civ. P. 11(a) (every paper must state the filer's address). Perry has not done so

here. Thus, under Federal Rule of Civil Procedure 41(b), the Court can (and should) dismiss this matter.

Perry has also not diligently prosecuted this case by failing to respond to the Court's order (Doc. 4), which results, at least partially, from his failure to maintain valid contact information. Because Perry has not provided the Court with a valid address or other means of contacting him (such as an email address), further orders directing him to respond would be futile. Thus, the Court should dismiss this case without prejudice. *See Portnoy v. Safeguard Properties, LLC*, No. 5:19-cv-407-OC-30PRL, 2020 WL 7496409 (M.D. Fla. Mar. 17, 2020) (dismissing case without prejudice for failure to prosecute after *pro se* plaintiff did not update his address as required).

**Recommended** in Fort Myers, Florida on September 23, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.